**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KATHLEEN MIECZKOWSKI and KENNETH MIECZKOWSKI,** : : **Plaintiffs** : **v.** : **JCPENNEY CORPORATION, INC.[1], DESA HEATING PRODUCTS, ALL PRO PORTABLE HEATERS, UNIVERSAL and SCHEU PRODUCTS COMPANY,** : : : : : **Defendants** : | **CIVIL ACTION NO. 3:17-1307** **JUDGE MANNION** |

## MEMORANDUM

Pending before the court is a motion to dismiss the plaintiffs' complaint or, in the alternative, for a more definite statement filed by defendant JCPenney Corporation, Inc., ("JCPenney"). (Doc. 18). Upon review, the defendant's motion will be denied.

Defendant JCPenney has brought the instant motion, in part, pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing

---

[1] Defendant JCPenney Corporation, Inc., represents that it was incorrectly identified as JCPenney and Delicates a/k/a JCPenney Brand in the complaint. The caption in the instant matter has been amended and the Clerk of Court has been directed to amend the docket in this action to reflect the correct identification of this defendant.

that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

The defendant's motion is also brought, in part, pursuant to the provisions of 12(e), which allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). This provision of Rule 12 is part of the "district

2

court's case-management arsenal," Twombly, 550 U.S. at 593 n.13, which, in conjunction with the rest of Rule 12 and Rule 8, serves "to frame and govern [the] court's assessment of the quality of a pleading." Backer v. Pocono Tranquil Gardens, LLC, 2017 WL 3279163, at *6 (M.D. Pa. Aug. 2, 2017) (citing Sony BMG Music Entm't v. Cloud, 2008 WL 3895895, at *2 (E.D.Pa. Aug. 22, 2008)). In general, "Rule 12(e) motions are disfavored in light of the liberal pleading standards established by Fed.R.Civ.P. 8(a)." Id. (citing Transport Int'l Pool, Inc. v. Ross Stores, Inc., 2009 WL 1033601, at *2 (E.D.Pa. Apr. 15, 2009); see also Country Classics at Morgan Hill Homeowners' Ass'n, Inc. v. Country Classics at Morgan Hill, LLC, 780 F. Supp. 2d 367, 371 (E.D.Pa. 2011) ("[M]otions for a more definite statement are 'highly disfavored.'") (citation omitted)).

At its core, the plaintiffs' complaint alleges that the plaintiff, Kathleen Mieczkowski, sustained serious burns to her body when a nightshirt she was wearing burst into flames as she walked past a portable propane heater. The complaint sets forth a claim of negligence, as well as two products liability claims relating to both the heater and the nightshirt. In addition, a claim for loss of consortium is alleged.

Defendant JCPenney argues in its motion that the plaintiffs' complaint fails to provide it with sufficient notice of the claims against it such that it can neither prepare a proper defense nor respond to the plaintiffs' allegations in

3

a meaningful fashion. As such, it is requested that the plaintiffs' complaint be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, that the court order a more definite statement under the provisions of Fed.R.Civ.P. 12(e).

Although inartfully pleaded, the court finds that the allegations in the plaintiffs' complaint adequately place defendant JCPenney on notice as to the claims against it in relation to the allegedly defective nightshirt[2]. Defendant JCPenney can decipher which allegations pertain to it and respond to those allegations, as well as the others, accordingly. Moreover, the court finds that the plaintiffs' complaint is not "so vague and ambiguous" that defendant JCPenney could not "reasonably be required to make a responsive pleading." Country Classics, 780 F. Supp. 3d at 371. As such, defendant JCPenney's motion to dismiss or, in the alternative, for a more definite statement will be denied. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: February 6, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1307-01.wpd

---

[2]It is acknowledged that defendant JCPenney was not involved at all with the heater product.

4